931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SEAWAY FOOD TOWN, INC., Plaintiff-Appellee,
v.
ALL STEEL MATERIAL HANDLING EQUIPMENT, INC., Defendant-Appellant.
 No. 90-3438.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1991.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by defendant All Steel Material Handling Equipment, Inc., from a judgment that the district court, which heard the case without a jury, rendered in favor of Plaintiff Seaway Food Town, Inc. All Steel alleges that the district court abused its discretion in barring the testimony of three All Steel witnesses and in refusing to continue the trial so that All Steel could find new trial counsel. Concluding that the district court acted within its discretion, we shall affirm the judgment.
 
 
 2
 * On August 11, 1988, Seaway sued All Steel for breach of contract. The case was brought in a federal district court in Ohio on diversity grounds. Trial was set for September 19, 1989, and Seaway served its first set of interrogatories and requests for the production of documents on June 4, 1989. After several unsuccessful attempts to obtain answers to the interrogatories, Seaway moved for the imposition of sanctions.
 
 
 3
 On September 11, 1989, the district court continued the trial until October 19 because of All Steel's failure to comply with Seaway's discovery requests. Arrangements were then made to take the depositions of All Steel's principal, Philip Kares, and two other All Steel employees. The depositions, which were scheduled for September 26, 1989, were to be taken in New Jersey, where All Steel has its principal place of business.
 
 
 4
 On September 14 the district court issued an order giving All Steel five days to comply with the pending discovery requests and requiring All Steel to pay the attorney fees incurred by Seaway in preparing the motion for sanctions. Seaway eventually received a facsimile copy of answers to the interrogatories, but the requested documents were never produced.
 
 
 5
 Four days before the scheduled depositions in New Jersey, Mr. Kares notified his attorneys that he would not attend. Counsel for Seaway indicated that she was still willing to travel to New Jersey to depose the other two employees, but All Steel's lawyer told her that all depositions were off. Seaway then filed a second motion for sanctions; All Steel's counsel moved to withdraw.
 
 
 6
 On October 4, after a hearing on both issues, the district court ruled that Kares and the two other employees could not testify at trial. The court granted the motion to withdraw and gave All Steel seven days to find new counsel.
 
 
 7
 It was not until October 13, six days before trial, that Mr. Kares informed All Steel's house counsel, Richard Brovarone, that All Steel needed new trial counsel. Attorney Brovarone was not able to find Ohio counsel to handle the case, and he could not get a further continuance; Brovarone therefore represented All Steel at trial himself. This was his first trial.
 
 
 8
 The circumstances surrounding Mr. Kares' decision to cancel the depositions became clear at trial. On September 15, 1989, counsel for another company controlled by Mr. Kares scheduled depositions in a bankruptcy matter related to the other corporation. These depositions took place on September 21 and were continued until September 26. Mr. Kares felt compelled to be in his "adversaries [sic] office until approximately 5:00 p.m. on September 26, 1989, in connection with the [bankruptcy] depositions."
 
 
 9
 According to All Steel, Mr. Brovarone's trial performance consisted of little more than requesting further continuances. The district court ruled in favor of Seaway, awarding it $33,221.65 plus interest and costs. The district court then denied a motion by All Steel for a new trial; this appeal followed.
 
 II
 
 10
 The imposition of sanctions for Kares' cancellation of the scheduled depositions is subject to review under an abuse of discretion standard. Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988). Similarly, the decision whether to grant a continuance to provide more time for securing new counsel is a matter committed to the discretion of the trial judge. Anderson v. Sheppard, 856 F.2d 741, 748 (6th Cir.1988).
 
 
 11
 Against the factual background presented here, we cannot say that the district court abused its discretion when it barred Mr. Kares and the two other All Steel employees from testifying. All Steel has failed to articulate any good reason for failure of these men to give their depositions at the appointed time. The sanction imposed was directly related to the misconduct. See Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988). It is also significant that the client, not the attorney, engaged in the offending conduct. See Regional Refuse, 842 F.2d at 155.
 
 
 12
 The district court did not abuse its discretion in refusing to give All Steel more time to find another attorney. All Steel had fifteen days between the time of the hearing on the motion to withdraw and the time set for trial; this was sufficient time to find an attorney qualified to handle this relatively straightforward breach of contract case.
 
 
 13
 AFFIRMED.